## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 21-14125-CIV-MARRA/MAYNARD

**EMH, INC.,**

     Plaintiff,

**v.**

**BEYEL BROTHERS, INC.,**

     Defendant**.**

_____/

### ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES ("MOTION TO COMPEL") (DE 61)

**THIS CAUSE** is before me upon the above Motion to Compel filed by Plaintiff EMH, Inc. ("EMH"). DE 61.  The District Court has referred this case to me for disposition of all pretrial discovery motions pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the U.S. District Court for the Southern District of Florida.  DE 32.  I have reviewed the Motion to Compel and the record in this case.  Defendant Beyel Brothers, Inc. ("Beyel") did not timely file a response to the Motion to Compel.  For the reasons set forth below, the Motion to Compel (DE 61) is **GRANTED**.

On or about March 25, 2016, Florida Power and Light Company ("FPL") entered into a contract with EMH whereby EMH agreed to construct a gantry crane to facilitate repairs to, and maintenance of, FPL's turbines.[1]  DE 1 at 2.  EMH negotiated a subcontract with Beyel for installation of the gantry crane; a written contract was agreed upon between EMH and Beyel on or

---

[1] Beyel and FPL filed suit against EMH in state court in August 2019 for various claims, including negligence and breach of contracts, relative to the same incident that forms the basis of the instant action, which EMH removed to this Court in October 2019.  *Beyel Bros., Inc. v. EMH, Inc.*, No. 19-CV-14392, 2020 WL 6143633, at *1 (S.D. Fla. Oct. 20, 2020), *certificate of appealability denied*, No. 19-CV-14392, 2020 WL 7136809 (S.D. Fla. Dec. 7, 2020) (Marra, J.) ("Related Case").  This Related Case remains pending.

about April 19, 2017.  *Id.*  On February 27, 2017, Beyel's employees arrived on site to begin installation.  *Id.*  These employees used a Beyel mobile crane to lift one of the gantry crane's legs, weighing approximately 60,000 pounds; however, an FPL engineer halted the installation until the engineer could arrive at the site.  *Id.*  The Beyel employees did not lower the gantry leg while awaiting the FPL engineer's arrival.  *Id.*  During the wait, the rigging on Beyel's mobile crane failed, which caused the gantry leg to fall resulting in significant damage to the gantry leg and FPL's building.  *Id.*

FPL then changed the protocol for installation and began working directly with Beyel for repair off-line of one of its turbines.  *Id.* at 3.  EMH alleges that it was denied any opportunity to suggest less-costly alternatives for the off-line repair while the gantry crane was being repaired. *Id.*  EMH also alleges that it incurred various unanticipated losses and expenses as a result of the incident.  *Id.*  Furthermore, EMH alleges that Beyel sought payment from EMH for all services that Beyel provided resulting from the incident, which services EMH never approved.  *Id.* at 4. On March 17, 2021, EMH filed its Complaint seeking relief for claims of negligence and violation of Florida's Deceptive and Unfair Trade Practices Act.[2]  DE 1.

The Honorable Kenneth A. Marra, U.S. District Judge, entered a scheduling order in this matter on May 20, 2021, which set, among other things, a non-expert discovery cutoff of August 27, 2021.  On July 23, 2021, the parties filed a Joint Discovery Status Report indicating that discovery had been proceeding solely under a Related Case that was removed to this Court in October 2019.[3]  DE 38 at 3.  The parties averred that a two-month extension of discovery, until October 27, 2021, would assist with completion of discovery "primar[ily] . . . due to the difficulty

---

[2] The Complaint included a count for breach of contract; however, on May 17, 2021, the parties jointly dismissed the breach of contract claim.

[3] *See* fn. 1 *supra*.

in scheduling deposition dates." DE 38 at 4. On August 19, 2021, the District Judge granted the parties' joint motion and extended the discovery cutoff to October 27, 2021. De. 44. On October 22, 2021, the parties jointly moved to set expert deadlines because the scheduling order had not set these deadlines. DE 45. In doing so, the parties requested that their proposed deadline of February 8, 2022, for completion of all expert discovery, also apply to fact discovery "in case any additional fact discovery may be necessitated." *Id.* at 2. On October 25, 2021, the District Judge granted the motion and set a deadline of February 8, 2022, for the conclusion of all discovery. DE 46. On January 11, 2022, the parties jointly moved for an extension of the discovery cutoff date to March 4, 2022, because "[a] number of depositions had to be canceled recently due to sickness and Covid." DE 56. The parties averred that they had only 15 business days to reschedule depositions, which was an insufficient period of time to do so. *Id.* The District Judge extended the discovery cutoff date to March 4, 2022. DE 57.

EMH filed the Motion to Compel on February 25, 2022, seeking answers to sixteen requests for production[4] and two interrogatories[5] ("Discovery Requests") pursuant to Federal Rule of Civil Procedure 37 and Local Rule 26.1(g). DE 61; DE 61-1. The Discovery Requests were served on January 21, 2022, and answers were due February 20, 2022; however, Defendant Beyel failed to respond. DE 61; DE 61-3. Instead, Beyel requested an additional 20 days to respond, which EMH refused to provide in light of the March 4, 2022, discovery deadline. DE 61-3.

---

[4] The requests for production include making available for inspection: "the 'softeners' that were used during the lift"; "the sling that was used during the lift"; and exemplars of the softeners and slings used during the lift of the gantry crane on February 27, 2017. DE 61-1. The requests for production also seek, *inter alia*, copies of documents and invoices pertaining to the softeners or straps used for the lift and copies of documents that set forth EMH's control over the subject gantry crane installation. *Id.*

[5] The interrogatories ask Defendant Beyel whether it has custody and control over the softeners and sling used during the lift on February 27, 2017; and, if not, who does have. DE 61-1 at 5.

Pursuant to Rule 37(a)(3)(B), "[a] party seeking discovery may move for an order compelling an answer . . . production, or inspection . . . if . . . a party fails to answer an interrogatory . . . or . . . a party fails to produce . . . or fails to respond that inspection will be permitted." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). Pursuant to Local Rule 7.1(c), failure to file memorandum in opposition to a motion "may be deemed sufficient cause for granting the motion by default." S.D. Fla. L.R. 7.1(c). *See also Appelbaum v. Rickenbacker Grp., Inc.*, No. 12-80251-CIV, 2012 WL 12883332, at *1 (S.D. Fla. Sept. 4, 2012) (invoking L.R. 7.1(c) to grant by default a plaintiff's motion to compel responses to a first set of discovery requests). Furthermore, "[a] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed." *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) (internal quotation marks omitted) (quoting *Kramer v. Gwinnett Cnty., Ga.*, 306 F.Supp.2d 1219, 1221 (N.D. Ga. 2004)). *See also Foster v. Coca-Cola Co.*, No. 6:14-CV-2102-ORL-40, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015) ("When a party fails to respond [to a motion to compel discovery responses], that is an indication that the motion is unopposed."). "An award of attorney's fees and costs are appropriate if a motion to compel is granted." *Bernstein v. Town of Jupiter*, No. 21-81215-CV, 2021 WL 6135270, at *2 (S.D. Fla. Nov. 23, 2021) (Middlebrooks, J.) (citing Fed. R. Civ. P. 37(a)(5)(A)).

Here, Beyel failed to respond to the Discovery Requests and then failed to respond to Plaintiff EMH's Motion to Compel. Despite the late hour of EMH's discovery requests,[6] there is no excuse for Beyel's failure to respond to the Motion to Compel. The failure to respond indicates that Beyel does not oppose the motion. *Foster*, WL 3486008, at *1. Also, the Local Rules provide

---

[6] I find the subject Discovery Requests to have been served very late in this litigation given the parties' averments about discovery primarily occurring in the Related Case and needing extensions of the discovery cutoff in the instant action primarily for depositions. *See* DE 38; DE 45; DE 56.

4

for the Motion to Compel to be granted by default in light of Beyel's failure to respond. *Appelbaum*, 2012 WL 12883332, at *1 (citing S.D. Fla. L.R. 7.1(c)).  Accordingly, the Motion to Compel is granted.  Further, EMH should recover its costs for making the motion.  *Bernstein*, 2021 WL 6135270, at *2.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1.  Plaintiff EMH's Motion to Compel (DE 61) is **GRANTED**.

2.  Defendant Beyel shall provide responses to the Discovery Requests **WITHIN 5 DAYS** from the date of this Order.

3.  Within 10 days of this Order, Plaintiff EMH shall file with the Court an affidavit setting forth the reasonable costs and fees incurred with respect to the filing of its Motion to Compel.  Plaintiff shall have 5 days from the filing of Plaintiff's affidavit to object to the fees and costs claimed.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 16th day of March, 2022.

_____
SHANIEK M. MAYNARD
U.S. MAGISTRATE JUDGE