UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14125-CIV-MARRA/MAYNARD

EMH, INC.,

    Plaintiff,
v.

BEYEL BROTHERS, INC.,

    Defendant.

_____/

### ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS AND TO COMPEL RESPONSES TO DEPOSITION QUESTIONS ("MOTION") (DE 64)

**THIS CAUSE** is before me upon the above Motion filed by Plaintiff EMH, Inc. ("EMH"). DE 64. The District Court has referred this case to me for disposition of all pretrial discovery motions pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the U.S. District Court for the Southern District of Florida. DE 32. I have reviewed the Motion and the record in this case. Defendant Beyel Brothers, Inc. ("Beyel") did not timely file a response to the Motion. Even so, for the reasons set forth below, the Motion (DE 64) is **DENIED**.

On or about March 25, 2016, Florida Power and Light Company ("FPL") entered into a contract with EMH whereby EMH agreed to construct a gantry crane to facilitate repairs to, and maintenance of, FPL's turbines.[1] DE 1 at 2. EMH negotiated a subcontract with Beyel for installation of the gantry crane; a written contract was agreed upon between EMH and Beyel on or about April 19, 2017. *Id.* On February 27, 2017, Beyel's employees arrived on site to begin

---

[1] Beyel and FPL filed suit against EMH in state court in August 2019 for various claims, including negligence and breach of contracts, relative to the same incident that forms the basis of the instant action, which EMH removed to this Court in October 2019. *Beyel Bros., Inc. v. EMH, Inc.*, No. 19-CV-14392, 2020 WL 6143633, at *1 (S.D. Fla. Oct. 20, 2020), *certificate of appealability denied*, No. 19-CV-14392, 2020 WL 7136809 (S.D. Fla. Dec. 7, 2020) (Marra, J.) ("Related Case"). This Related Case remains pending.

installation. *Id.* These employees used a Beyel mobile crane to lift one of the gantry crane's legs, weighing approximately 60,000 pounds; however, an FPL engineer halted the installation until the engineer could arrive at the site. *Id.* The Beyel employees did not lower the gantry leg while awaiting the FPL engineer's arrival. *Id.* During the wait, the rigging on Beyel's mobile crane failed, which caused the gantry leg to fall resulting in significant damage to the gantry leg and FPL's building. *Id.*

FPL then changed the protocol for installation and began working directly with Beyel for repair off-line of one of its turbines. *Id.* at 3. EMH alleges that it was denied any opportunity to suggest less-costly alternatives for the off-line repair while the gantry crane was being repaired. *Id.* EMH also alleges that it incurred various unanticipated losses and expenses as a result of the incident. *Id.* Furthermore, EMH alleges that Beyel sought payment from EMH for all services that Beyel provided resulting from the incident, which services EMH never approved. *Id.* at 4. On March 17, 2021, EMH filed its Complaint seeking relief for claims of negligence and violation of Florida's Deceptive and Unfair Trade Practices Act.[2] DE 1.

The Honorable Kenneth A. Marra, U.S. District Judge, entered a scheduling order in this matter on May 20, 2021, which set, among other things, a non-expert discovery cutoff of August 27, 2021. On July 23, 2021, the parties filed a Joint Discovery Status Report indicating that discovery had been proceeding solely under a Related Case that was removed to this Court in October 2019.[3] DE 38 at 3. The parties averred that a two-month extension of discovery, until October 27, 2021, would assist with completion of discovery "primar[ily] . . . due to the difficulty in scheduling deposition dates." DE 38 at 4. On August 19, 2021, the District Judge granted the

---

[2] The Complaint included a count for breach of contract; however, on May 17, 2021, the parties jointly dismissed the breach of contract claim.

[3] *See* fn. 1 *supra*.

parties' joint motion and extended the discovery cutoff to October 27, 2021.  De. 44.  On October 22, 2021, the parties jointly moved to set expert deadlines because the scheduling order had not set these deadlines.  DE 45.  In doing so, the parties requested that their proposed deadline of February 8, 2022, for completion of all expert discovery, also apply to fact discovery "in case any additional fact discovery may be necessitated."  *Id.* at 2.  On October 25, 2021, the District Judge granted the motion and set a deadline of February 8, 2022, for the conclusion of all discovery.  DE 46.  On January 11, 2022, the parties jointly moved for an extension of the discovery cutoff date to March 4, 2022, because "[a] number of depositions had to be canceled recently due to sickness and Covid."  DE 56.  The parties averred that they had only 15 business days to reschedule depositions, which was an insufficient period of time to do so.  *Id.*  The District Judge extended the discovery cutoff date to March 4, 2022.  DE 57.

On March 3, 2022, one day prior to the extended discovery cutoff date in this case, EMH filed the instant Motion.[4]  DE 64.  The Motion seeks, among other relief, default judgment on the basis that Mr. Joseph Beyel, who testified as Defendant Beyel's corporate representative on February 28, 2022, was so unprepared that the deposition was equivalent to a non-appearance.  DE 64 at 10-14; DE 62-1.  The Motion also requests, in the event that the extreme relief of a default

---

[4] Plaintiff EMH filed, on February 25, 2022, a related motion to compel ("Motion to Compel") answers to requests for production ("RFPs") and interrogatories (collectively, the "Discovery Requests"), seeking much of the same information as the notice of deposition for the deposition at issue here. DE 64-1 at 5-6. Because the Motion to Compel complied with my Discovery Procedures Order (DE 36) and because Defendant Beyel did not file a response to the Motion to Compel, it has been granted (DE 65). As an example of the similarity in the requests for information, the Discovery Requests included: "the 'softeners' that were used during the lift"; "the sling that was used during the lift"; and exemplars of the softeners and slings used during the lift of the gantry crane on February 27, 2017. DE 61-1. The Discovery Requests also included copies of documents and invoices pertaining to the softeners or straps used for the lift and copies of documents that set forth EMH's control over the subject gantry crane installation. *Id.* Furthermore, the Discovery Requests attempt to determine who has custody and control over the softeners and sling used during the lift on February 27, 2017. *Id.* at 5. Similarly, the notice of deposition served on December 27, 2021 requested testimony and information regarding "[t]he sling(s), softener(s), and strap(s) that were used during the lift of the gantry crane leg on February 27, 2017 . . . include[ing] (but . . . not limited to) . . . their locations." DE 64-1 at 5.

3

judgment is not granted, that the Court compel Beyel to designate a proper corporate representative to respond to the noticed topics. *Id.* at 16-17.

In addition to requesting relief that would require another extension of the discovery deadline shortly before trial,[5] the Motion also violates my Discovery Procedures Order (DE 36) and the Local Rules. Specifically, because the Motion is 17 pages in length, it contravenes a directive to limit discovery motions to 5 pages in length. *Id.* at 2. The Motion also lacks a certification of conferral as required under S.D. Fla. L.R. 7.1(a)(3).

Southern District of Florida Local Rule 7.1(a)(3) states in relevant part:

> [C]ounsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion. Counsel conferring with movant's counsel shall cooperate and act in good faith in attempting to resolve the dispute. At the end of the motion, and above the signature block, counsel for the moving party shall certify either: (A) that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so; or (B) that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, which efforts shall be identified with specificity in the statement (including the date, time, and manner of each effort), but has been unable to do so. If certain of the issues have been resolved by agreement, the certification shall specify the issues so resolved and the issues remaining unresolved. *Failure to comply* with the requirements of this Local Rule *may be cause for the Court to grant or deny the motion* and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

*See* S.D. Fla. L.R. 7.1(a)(3) (emphasis added). "The Court may deny a motion for failure to comply with the local rules, including failure to make good faith efforts to confer." *Gonzalez v. Batmasian*, No. 9:16-CV-81696, 2017 WL 698604, at *1 (S.D. Fla. Feb. 17, 2017) (citing *Reese v. Herbert*, 527 F.3d 1253, 1264 (11th Cir. 2008)). Also, motions for discovery, including for

---

[5] Trial is scheduled to begin April 11, 2022. DE 32. Trial is presumed absent the District Judge's determination on pending dispositive motions. *See* DE 15; DE 40; DE 41; DE 42.

sanctions, are subject to denial when filed in contravention of orders setting discovery procedures. *Ohio State Troopers Ass'n, Inc. v. Point Blank Enterprises, Inc.*, No. 18-CV-63130, 2020 WL 3303079, at *1 (S.D. Fla. Mar. 12, 2020) (citing the violation of discovery procedures as one of three reasons for denying a motion for sanctions); *Pin-Pon Corp. v. Landmark Am. Ins. Co.*, No. 20-14013-CIV, 2021 WL 4991154, at *1 (S.D. Fla. Feb. 25, 2021) (denying a discovery motion and noting that movant failed to follow "this Court's Discovery Procedures Order limiting motions to five pages in length"). Moreover, Courts disfavor discovery motions filed "on the eve of the discovery cutoff" and "shortly before . . . the eve of trial." *RTG Furniture Corp. v. Indus. Risk Insurers*, No. 07-80538-CIV, 2008 WL 11331987, at *2 (S.D. Fla. June 3, 2008) (noting that the Local Rules were designed to prevent such "eleventh-hour" motions); *H2Ocean, Inc. v. Tattoo Majik, LLC*, No. 09-80461-CIV, 2010 WL 680845, at *2 (S.D. Fla. Feb. 24, 2010) (denying a motion for sanctions and finding that, by delaying depositions and engaging in settlement discussions shortly before trial, both sides took risk that last minute depositions would not be accommodated). *See also Cordeiro v. Alves*, No. 1:16-CV-23233-UU, 2017 WL 11644703, at *2 (S.D. Fla. Mar. 29, 2017) (noting in the context of letters rogatory that a request to obtain out-of-country documents one month before the discovery cutoff was "inexcusable" and reason enough to warrant denial).

Due to the late stage at which the instant Motion is filed, which would necessitate further extension of the discovery cutoff if granted, and due to EMH's failure to comply with my Discovery Procedures Order and the Local Rules, the Motion is denied. EMH assumed the risk of being unable to complete the process of taking the deposition of Defendant Beyel's corporate representative by attempting the deposition at such a late stage in the litigation. *H2Ocean, Inc.*, 2010 WL 680845, at *2. EMH presumably had the opportunity to conduct the deposition as far

back as two years ago or more given its averment that discovery was proceeding primarily in the Related Case that was filed in October 2019. DE 38 at 3. EMH chose, however, to schedule the deposition in December 2021 for January 11, 2022, which was extended to February 28, 2022. DE 64 at 3. Thus, given the discovery cutoff of March 4, 2022, EMH waited to schedule the deposition until the timeframe for addressing any difficulties or issues was extremely short. Also, because EMH filed its Motion one day before the discovery cutoff, this Court would necessarily be further extending the discovery deadline by granting EMH the ability to conduct another deposition, which is especially troublesome given that trial is scheduled to begin on April 11, 2022. DE 32. Therefore, based on timing alone, EMH's Motion should be denied. *Cordeiro*, 2017 WL 11644703, at *2 (analogous denial in the context of letters rogatory).

In addition, however, the Motion is due to be denied because it contravenes the order setting discovery procedures in this case in two ways. DE 36. First, the Motion is 17 pages long. Second, the Motion lacks the requisite certification of pre-filing conferral in person or via telephone. EMH has demonstrated its ability to file conforming motions because it did so just days before filing the instant Motion, when it filed a related motion to compel ("Motion to Compel"). *See* DE 61.[6] Therefore, the fact that EMH files a non-conforming discovery motion mere days later is inexcusable and warrants denial of the Motion. *Ohio State Troopers Ass'n, Inc.*, 2020 WL 3303079, at *1; *Pin-Pon Corp.*, 2021 WL 4991154, at *1. Accordingly, the Motion is also denied because it fails to conform with this Court's discovery procedures.

---

[6] The Motion to Compel is 3 pages in length and includes an appropriate attachment, thus complying with the Discovery Procedures Order limitation of 5 pages for discovery motions. DE 61 at 2. Also, the Motion to Compel includes a certification by counsel for Plaintiff EMH "that he has attempted to resolve with Defendant's counsel the specific discovery issues in dispute . . . [but] has been unable to . . . despite a good faith attempt to do so." Thus, the Motion to Compel appears to address the conferral requirement in the Discovery Procedures Order. *Id.* at 1-2.

Furthermore, the Motion's lack of conferral certification violates S.D. Fla. L.R. 7.1(a)(3). Therefore, the Motion is additionally denied for failure to comply with the Local Rules. *Gonzalez*, 2017 WL 698604, at *1.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Sanctions and to Compel Responses to Deposition Questions (DE 64) is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 16th day of March, 2022.

_____
SHANIEK M. MAYNARD
U.S. MAGISTRATE JUDGE